DAVID J. DUCHROW, ESQ., SBN 105617
LAW OFFICE OF DAVID J. DUCHROW
8929 S. Sepulveda Blvd., Suite 204
Los Angeles, CA 90045
Telephone (310) 452-4900
Facsimile: (310) 452-4901
djduchrow@yahoo.com

JILL S. WEINSTEIN, ESQ.
*Pro Hac Vice application submitted herewith*
PEDERSEN & WEINSTEIN LLP
33 N. Dearborn Street, Suite 1170
Chicago, IL 60602
Telephone: 312-322-0710
Facsimile: 312-322-0717
jweinstein@pwllp.com

**Attorneys for Plaintiff Merrilee Dirickson**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRILEE DIRICKSON,<br><br>Plaintiff,<br><br>vs.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant | CASE NO:<br><br>**MISCELLANEOUS ACTION TO ENFORCE SUBPOENA  AND COMPEL DEPOSITION TESTIMONY** |

## I.  Introduction

Plaintiff, Merrilee Dirickson, by and through her attorneys, Pedersen & Weinstein LLP, brings this Miscellaneous Action to Enforce Subpoena and Compel Deposition Testimony of a California-based deponent in the matter of *Merrilee Dirickson v. Intuitive Surgical, Inc.*, Case No. 19-cv-07149, an employment discrimination case pending in the United States District Court for the Northern District of Illinois. Plaintiff seeks to compel a current employee of Defendant, Adam Clark, to answer certain deposition questions about his employment with Defendant. Mr. Clark was subpoenaed to testify in this case on February 18, 2021 and during the deposition refused to answer certain questions, invoking the

-1-

California constitutional right of privacy in his personnel records. Plaintiff sought to compel Mr. Clark to answer the questions via oral motion in the Norther District of Illinois and that Court held that in view of Fed. R. Civ. P. 37(a)(2) and 45(d)(3)(A)(iii), any motion seeking to compel discovery from Mr. Clark in the Central District of California should more properly be made in that district, subject to Rule 45(f). *Dirickson v. Intuitive*, Order dated February 19, 2021 (Docket No. 75) (attached as **Exhibit A**). Accordingly, Plaintiff now seeks relief in this Court.

## II. Relevant Factual Background

Plaintiff is a former employee of Defendant and brings this action under Title VII and the Illinois Human Rights Act to challenge Defendant's unlawful gender discrimination and retaliation against her, as well as Defendant's retaliation against her for opposing and reporting other unlawful conduct, in violation of state law. As a brief overview, Plaintiff was hired by Defendant in 2013 and was promoted in 2014 and again in 2016. Plaintiff's 2016 promotion was to the position of Area Sales Manager ("ASM") on Defendant's capital sales team, an elite group of approximately 35 ASMs in the United States. The capital sales team sells the $2 million da Vinci Surgical System and upgrades to hospitals and generates the most substantial revenue for Defendant.

Plaintiff was successful as an ASM, ranking 7th out of 35 ASMs in 2016. Plaintiff continued to receive positive feedback throughout 2017, although she missed her annual sales quota for the first time that year. While it was a first for her, missing quota was not unusual for salespeople given the high cost of the robotic systems and the complex and lengthy sales cycle.

In January 2018, Defendant shifted Plaintiff's territory and she began reporting to a new Area Sales Director ("ASD"), Victor Ebong ("Ebong"), who had been promoted by Adam Clark ("Clark"), the deponent at issue in this motion. With the change in Plaintiff's reporting structure, her work situation changed dramatically. One of Ebong's first acts as Plaintiff's manager was to take several of

Plaintiff's accounts away from her and give them to a male ASM. Ebong then began to unjustly criticize Plaintiff's performance when she reported him for gender discrimination and violating federal and state anti-kickback statutes, and then issued her a performance improvement plan in further retaliation for reporting his unlawful conduct. During her employment, Plaintiff reported other concerns to Defendant about Ebong's treatment of her, including Ebong engaging in threatening behavior toward her, such as forcing Plaintiff to drive him to the airport alone when she did not want to and verbally harassing her in a public restaurant despite her asking him to lower his voice. Plaintiff also reported to Defendant that Ebong was intimidating and had made false statements about her performance in field ride reports. Nonetheless, Defendant allowed Ebong to get away with this and other unlawful conduct (including threatening Plaintiff that he would personally sue her for raising Title VII complaints against him) and ultimately fired Plaintiff on January 4, 2019 on pretextual grounds.

### III.  Adam Clark's Role in This Case

Plaintiff was at least the third female employee of Defendant to report concerns to the company that Ebong was physically intimidating, aggressive, belittling, demeaning, and had threatened her job. More specifically, before Ebong was promoted to the role of ASD where he became Plaintiff's manager, two of Ebong's female direct reports complained about him to Clark, who was, at the time, the Vice President over Ebong's direct manager. Both women have testified in this case that they made complaints to Clark about Ebong, including concerns that were strikingly similar to Plaintiff's complaints about Ebong, but that Ebong's behavior did not change.  Instead, Clark was involved in transferring one of the women to a different state so she would no longer have to report to Ebong and then Clark supported Ebong's promotion to the position of ASD over Plaintiff.

Clark's decision to promote Ebong when he knew that two of Ebong's female reports had complained about his behavior towards them is relevant to Plaintiff's

claim that Defendant does not appropriately address concerns raised by its female employees.  To be sure, Clark elevated the career of a male employee who he knew had problems with women he supervised, thereby empowering him to continue mistreating women, namely Plaintiff in this case.  This evidence is relevant to establishing Defendant's intentional discrimination against Plaintiff, as well as Defendant's intense retaliation against her for opposing it.

During Clark's deposition, Plaintiff's counsel asked him questions about his employment with Defendant, including whether Defendant had ever disciplined him and whether there were any complaints of discrimination or retaliation about him. The answers to these questions are relevant to Clark's motive and potential bias against women. If Clark himself has mistreated female employees or has ignored and/or minimized concerns raised by female employees, this is relevant not only to Clark's credibility and bias, but also to punitive damages in that it could show Defendant has a pattern of tolerating discriminatory and/or retaliatory behavior. The information could also reveal whether Defendant has a pattern of allowing men accused of harassment or discrimination like Ebong to be transferred or promoted rather than being disciplined or fired.

**IV.  Defendant's And Clark's Objection To Answering Deposition Questions**

Clark is a current employee of Defendant represented by Defendant's counsel. During his deposition, Clark objected to answering the questions above, or any questions about his employment history with Defendant, citing the right to privacy in his personnel records under the California Constitution. For the reasons detailed below, Defendant's and Clark's objections should be overruled.

**V.  Local Rule 37-1 Compliance**

Plaintiff's counsel certifies that she has conferred with Defendant's counsel in good faith in an effort to obtain Clark's responses to the deposition questions. Specifically, the parties conferred on the record during Clark's deposition.

-4-

Thereafter, Plaintiff's counsel spoke with Darren Nadel, Defendant's counsel, on

March 12, 2021. Plaintiff's counsel offered to narrow the scope of questions to be

posed to Clark to the following specific questions: (1) have any women made any

complaints or raised any concerns about Adam Clark during his employment with

Defendant; (2) have any employees made a complaint or raised any concerns that

Adam Clark retaliated against them; (3) if yes to 1 or 2, was Adam Clark coached or

disciplined in connection with the complaint/concern; and (4) was Defendant aware

of any issues Adam Clark had at any employer prior to his employment with

Defendant.  By email dated March 17, 2021, Defendant rejected Plaintiff's proposal

and threatened her counsel with sanctions if she pursued this information in

discovery. (See March 17, 2021 email from Darren Nadel, attached as **Exhibit B**)

As such, the parties have reached an impasse and Plaintiff now seek this Court's

intervention.

### VI.  Legal Standard

Federal Rule of Civil Procedure 26(b) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevant information need not be admissible to be discoverable. Fed. R. Civ.

P. 26(b)(1). "A request for discovery should ordinarily be allowed under the

concept of relevancy unless it is clear that the information sought can have no

possible bearing upon the subject matter of this action." *Anders v. United Airlines

Inc.,* No. CV 19-5809-GW (KS), 2020 U.S. Dist. LEXIS 250250, at *3 (C.D. Cal.

Dec. 18, 2020) (citing *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020

WL 832307, at *2 (W.D. Wash. Feb. 20, 2020) (quoting *Ragge v. MCA/Universal

Studios, Inc.,* 165 F.R.D. 601, 604 (C.D. Cal. 1995)).

## VII.  Clark Should Be Compelled to Answer Deposition Questions About His Employment With Defendant

Clark's objection to answering questions about his employment with Defendant is based solely on the right to privacy in personnel records under the California constitution. Clark's objections should be overruled for three key reasons, as detailed below.

### A.    Plaintiff Does Not Seek Clark's Personnel File

As an initial matter, it is important to note that Plaintiff does not seek Clark's personnel records. Instead, she seeks answers to the four specific questions set forth above, with the opportunity to ask appropriate follow up questions, which Clark can answer without disclosing the contents of his personnel file. Accordingly, the constitutional issue raised by Defendant does not apply.

Plaintiff's position is supported by case law holding that under California's constitutional right to privacy, personnel records of employees are confidential and thus protected from discovery "unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from nonconfidential sources." *Foster v. ScentAir Techs., Inc.*, No. 13-cv-05772-TEH (MEJ), 2014 U.S. Dist. LEXIS 113826, 2014 WL 4063160, at *2 (N.D. Cal. Aug. 15, 2014) (citing *Harding Lawson Assocs. v. Super. Ct.*, 10 Cal. App. 4th 7, 10, 12 Cal. Rptr. 2d 538 (1992)) (emphasis added). Here, Plaintiff is not seeking any "particular documents" from Clark and, significantly, she is attempting to obtain the information through a less intrusive means, namely a deposition. See also *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR (JSC), 2015 U.S. Dist. LEXIS 155433, at *15 (N.D. Cal. Nov. 16, 2015) (explaining that it was insufficient for a party to state only that discovery of an employee's personnel record is necessary to facilitate the prosecution of the action, the party must also show that there are no less intrusive means to "satisfy [the party's] legitimate need for relevant information.") (citing *El Dorado Sav. &*

*Loan Ass'n v. Super. Ct. of Sacramento Cnty.*, 190 Cal. App. 3d 342, 345-46, 235
Cal. Rptr. 303 (1987)). Here, Plaintiff has shown a compelling need for the
information and she is seeking it through a deposition, a method specifically
approved by the courts as a less intrusive means. For this reason alone, Clark's
objection should be overruled.

### B.    Personnel Records Are Discoverable in Federal Employment Discrimination Cases

Even if Plaintiff were seeking Clark's personnel records, they would be
properly discoverable.  Plaintiff's claims against Defendant are brought under
federal law, specifically Title VII, with additional causes of action under Illinois
state law. She asserts no claims under California law.  In a Title VII action such as
this, the federal common law of privilege controls.  *Garrett v. City of San
Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987). While the Federal Rules of
Civil Procedure do permit parties to be excused from certain discovery on the basis
of "annoyance, embarrassment, oppression, or undue burden or expense," there is
no generic "privacy" privilege. Fed. R. Civ. P. 26(c). To be sure, the right of privacy
"is only available explicitly under the California Constitution and may be abrogated
where justified under federal law." *Redon v. Ruiz*, No. 13cv1765-WQH(KSC), 2015
U.S. Dist. LEXIS 163801, at *16-17 (S.D. Cal. Dec. 4, 2015) (citing *Hutton v. City
of Martinez*, 219 F.R.D. 164, 166 (2003)).

While Plaintiff does not seek Clark's personnel records as detailed above,
district courts in the Ninth Circuit have held that personnel files are discoverable,
despite claims of privacy and privilege. See *Ashman v. Solectron Corp*., No.
C08-01430 HRL, 2009 U.S. Dist. LEXIS 57040, at *7 (N.D. Cal. June 12, 2009)
(privacy interests do not insulate personnel records from discovery; federal courts
ordinarily balance a claimed privacy right against the need for the information);
*Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) ("Even if
the requested documents in defendants' personnel files are protected by defendants'

-7-

privacy right, that right may, nevertheless, be invaded for litigation purposes");

*EEOC v. County of San Benito*, 818 F. Supp. 289, 291 (N.D. Cal. 1993) (ordering county to produce documents relevant to investigation of sex discrimination charges). Accordingly, state law privacy concerns do not prevent this Court from compelling Clark to answer the deposition questions outlined above.

### C.      Plaintiff Has A Compelling Need for the Discovery At Issue

As noted above, Defendant's privacy argument fails because Plaintiff does not seek Clark's personnel records but even if she did, and the requested information from Clark's employment were protected by a right to privacy, that right may, nevertheless, be invaded for litigation purposes. As this court recently explained, "Resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted." *Anders*, 2020 U.S. Dist. LEXIS 250250, at *14 (citing *Dowell v. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. 2011)); see also *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) ("in applying the balancing analysis to the personnel files sought by Plaintiff in the case at bar, it is clear that Plaintiff's need for the documents will outweigh any invasion of Defendants' privacy rights, particularly under the limitations of a carefully crafted protective order").

With respect to balancing, the court in *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 552 (E.D. Cal. 1990), noted that when a balance is struck, the "scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit."

In this case, Plaintiff has narrowly tailored her questions to focus only on information relevant to her claims. She has a compelling need for information about whether Clark, who played a key role in promoting Ebong despite two prior complaints about him from female employees, had accusations or complaints of harassment, discrimination, or retaliation against him, and if so, what Defendant did

to address those concerns. If there were complaints about Clark and/or Defendant did not appropriately address them, it substantiates Plaintiff's claim that Defendant had a pattern of supporting and promoting men who acted inappropriately toward women, which, in turn, is relevant to Plaintiff's claim for punitive damages. Further, complaints about Clark could reveal his own animus toward women and explain why he supported Ebong's promotion despite knowing Ebong's female subordinates had serious concerns about him. Similarly, if Clark had allegations against him at previous employers and Defendant knew about them and hired him anyway, this is relevant to punitive damages as it could show Defendant's lack of concern over potential civil rights violations.

The importance of this information to Plaintiff's claims outweighs any privacy interest Clark may have given his role in this case. Further, consistent with the need for balance, Plaintiff has narrowed the line of inquiry to Clark to four specific topics, rather than seeking Clark's complete personnel file and an unlimited ability to question him about any aspect of his employment, thereby minimizing any invasion of privacy. Moreover, Clark's answers to the questions would be subject to the Agreed Confidentiality Order already in place in this case, which limits disclosure of certain information outside of the litigation, further minimizing any privacy concerns.

Finally, in defense counsel's email threatening Plaintiff with sanctions for pursuing answers to the deposition questions at issue, he cited a "compelling need" standard that Plaintiff must purportedly establish in order "to invade Mr. Clark's constitutional rights." This court, however, recently noted that the California Supreme Court has explicitly rejected Defendant's position that a party seeking discovery of private information must always establish a compelling need. *Anders*, 2020 U.S. Dist. LEXIS 250250, at \*14-15 (citing *Williams v. Superior Court,* 3 Cal.5th 531, 557, 220 Cal. Rptr. 3d 472, 398 P.3d 69 (2017)); *accord. Pagano v. Oroville Hosp.*, 145 F.R.D. 683, 698-99 (E.D. Cal. 1993) (endorsing a general

balancing approach over the compelling interest analysis after observing that, while early cases strictly required that any encroachment on California's constitutional right to privacy be justified by a compelling interest, later cases back away from this approach in favor of a general reasonableness test); but see *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) ("When the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.'"). In Anders, the court explained that the burden is on the party asserting a privacy interest to establish the "extent and the seriousness of the prospective invasion," and, against that showing, the court must "weigh the countervailing interests the opposing party identifies." *Anders*, 2020 U.S. Dist. LEXIS 250250, at *14-15 (citing *Williams*, 3 Cal. 5th at 557). As a result, "[o]nly obvious invasions of interests fundamental to personal autonomy must be supported by a compelling interest." Id. at 557.

Here, for all the reasons detailed above, Plaintiff has established that the information sought is highly relevant to her claims of gender discrimination, retaliation and punitive damages, and she has sought to minimize any invasion of privacy by narrowly tailoring her questions to the specific issues relevant to this case. Accordingly, this motion to compel should be granted.

**VIII. Conclusion**

For all the foregoing reasons, Plaintiff respectfully requests the Court enter an order compelling Adam Clark to answer the following questions and follow-up questions as appropriate: (1) have any women made any complaints or raised any concerns about Adam Clark during his employment with Defendant; (2) have any employees made a complaint or raised any concerns that Adam Clark retaliated against them; (3) if yes to 1 or 2, was Adam Clark coached or disciplined in connection with the complaint/concern; and (4) was Defendant aware of any issues

1 | Adam Clark had at any employer prior to his employment with Defendant.

2 | Dated: March 26, 2021                    Respectfully submitted,

3 |                                          /s/ Jill Weinstein
  |                                          Jill Weinstein
  |                                          Attorneys for Plaintiff

4 |                                          *Pro Hac Vice Motion Pending*

**Miscellaneous Action to Enforce Subpoena and Compel Deposition Testimony**

# EXHIBIT A

*Dirickson v. Intuitive Surgical, Inc.*

Miscellaneous Action to Enforce Subpoena  and Compel Deposition Testimony

Exhibit A

-12-

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

Merrilee Dirickson
                        Plaintiff,

v.
                                 Case No.: 1:19−cv−07149
                                 Honorable Mary M. Rowland

Intuitive Surgical, Inc.
                        Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, February 19, 2021:

       MINUTE entry before the Honorable Gabriel A. Fuentes: On further consideration and in the interest of efficiency, Fed. R. Civ. P. 1, the Court denies without prejudice plaintiff's oral motion on 2/18/21 to compel witness Clark, while being deposed in the Central District of California, to disclose certain information concerning any allegations that may have been made or not made against him. The Court's action is in view of Fed. R. Civ. P. 37(a)(2) and 45(d)(3)(A)(iii), in that the location in which compliance is sought is the Central District of California, and any motion seeking to compel discovery from Mr. Clark in the Central District of California should more properly be made in that district, subject to Rule 45(f). The Court's order for briefing or simultaneous submissions on this motion is vacated. The parties are directed to order the preparation of the transcript from the 2/18/21 telephonic motion argument and file it promptly on the public docket in this matter. Mailed notice. (jj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# EXHIBIT B

*Dirickson v. Intuitive Surgical, Inc.*

Miscellaneous Action to Enforce Subpoena and Compel Deposition
Testimony

Exhibit B

**jweinstein@pwllp.com**

| | |
|---|---|
| **From:** | Nadel, Darren E. <DNadel@littler.com> |
| **Sent:** | Wednesday, March 17, 2021 9:46 AM |
| **To:** | 'jweinstein@pwllp.com' |
| **Cc:** | VanOverloop, Kelsey; Feczko, Kerri |
| **Subject:** | Dirickson v. Intuitive - Adam Clark |

Jill:

Please meet Kerri Feczko.  We will soon file an entry of appearance for Kerri and seek Amanda's withdrawal from the case since Amanda has relocated to Austin, Texas and another firm.

Adam Clark has determined not to waive his constitutional right of privacy.  In our view, limiting your questions as you have proposed is no less an invasion of Mr. Clark's constitutional right of privacy than if the police were to show up at his door and insist on searching only part of his house without a warrant.  He should not have to answer constitutionally impermissible questions any more than he should have to let the police into his house without a warrant.  And, particularly considering the view that our Magistrate Judge expressed on the record, coupled with the "compelling need" standard that you must establish in order to invade Mr. Clark's constitutional rights, we do not see how litigating this dispute against Mr. Clark, a  third party, is substantially justified.  Accordingly, should you proceed, we will seek a determination by the California court that the litigation against Mr. Clark is not substantially justified, and we will also seek a determination that it is a classic unjustified multiplication of the proceedings under section 1927.  We will also seek the remedies associated with what we see as clear violations of Rule 11, Rule 26(g), Rule 37(a)(5)(B), and 18 U.S.C 1927.

Please feel free to call if you feel further conferral would be helpful.  Otherwise, you may certify that we have conferred to impasse.

Darren

**Darren E. Nadel**
Shareholder
303.362.2861 direct, 303.619.4261 mobile, 303.362.8230 fax
DNadel@littler.com

**Littler**
1900 Sixteenth Street, Suite 800, Denver, CO 80202-5835

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# PROOF OF SERVICE

I am employed in the County of Los Angeles at 8929 S. Sepulveda Blvd., Suite 204 Los Angeles, CA 90045. On the date of mailing, I am over the age of eighteen, and not a party to the above-described action.

On **March 26, 2021** I served the within:

**MISCELLANEOUS ACTION TO ENFORCE SUBPOENA AND COMPEL DEPOSITION TESTIMONY**

By filing and serving through the Court's CM/ECF electronic filing system, and by email to counsel of record:

Darren E. Nadel
Kelsey A. VanOverloop
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202-5835
DNadel@littler.com
kvanoverloop@littler.com

David Loren Christlieb
Littler Mendelson, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
dchristlieb@littler.com

Executed on **March 26, 2021** at Los Angeles, California.  I declare under penalty of perjury under the laws of the United States that the above is true and correct.

/s/ David J. Duchrow

David J. Duchrow

**Miscellaneous Action to Enforce Subpoena and Compel Deposition Testimony**