JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MERRILEE DIRICKSON,

        Plaintiff,

    v.

INTUITIVE SURGICAL, INC.,

        Defendant.

Case No. MC 21-0459-FMO (JPRx)

ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the parties' briefings, the records on file, and the Report and Recommendation of U.S. Magistrate Judge.  On September 21, 2021, Respondent Adam Clark filed objections to the R. & R., and on October 5 Plaintiff replied.  On October 12, Plaintiff moved for leave to submit "additional authority" in response to Clark's objections.  The Court noted that no such leave was likely needed because the "authority" Plaintiff wanted to bring to the Court's attention was simply an order in the underlying litigation, in the Northern District of Illinois, of which the Court could take judicial notice, but it nonetheless gave Clark the opportunity to

respond to Plaintiff's motion.  On October 19, he filed a notice of nonopposition, in which, based on the new Illinois order, he withdrew his argument concerning the Illinois Magistrate Judge's remark that Plaintiff's requested relief was "dubious."[1]

Clark raises four overarching objections to the R. & R., including the now-withdrawn one based on the "dubious" remark. His three remaining objections mostly rehash arguments in his opposition to the motion to compel and in his own motions, arguments the Magistrate Judge thoroughly addressed in her R. & R.  He does not challenge at all her rejection of his motions, for sanctions and to strike argument from Plaintiff's reply brief, and therefore the Court accepts the R. & R.'s findings and recommendations concerning them.

As for the underlying motion to compel discovery, as Clark concedes, this Court should refuse to accept the R. & R. only if the Magistrate Judge's ruling was "clearly erroneous or contrary to law."  (Objs. at 12);[2] see also Fed. R. Civ. P. 72(a).  He argues that the Magistrate Judge "did not properly weigh the factors that supported non-disclosure."  (Objs. at 5.)  This argument is untenable.  As an initial matter, as he now acknowledges (see, e.g., id. at 11, 13 & n.3), the test he urged the Magistrate Judge to apply was outdated and had been broadly

---

[1] In that new order, the Illinois Magistrate Judge stated that "no one should place any weight" on the "off-the-cuff" "dubious" comment.  (Mot. for Leave, Ex. 1 at 2 n.1.)  Further, he stated that he had read the R. & R. and found it "sound and well-reasoned."  (Id.)

[2] The Court uses the pagination generated by its Case Management/Electronic Case Filing system.

modified by the California Supreme Court in ways that did not favor him.  (See R. & R. at 5, 17 (citing Williams v. Super. Ct., 3 Cal. 5th 531 (2017)).)³  Moreover, he never directly cited or discussed in his earlier briefing the case whose factors he now says she should have used, Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal. 4th 1, 35-37 (1994).  (Objs. at 13-14; see Opp'n at ii-iv (table of authorities).)

    In any event, the Magistrate Judge carefully balanced the relevant factors, laying out the applicable law (see R. & R. at 4-6) and recognizing that Clark did have a privacy interest in his personnel information (see id. at 7; Hr'g Tr. at 4, 19 ("I certainly agree with you that there is a privacy interest."), 34-35) but finding that his concerns about its disclosure were mitigated by the protective order (see R. & R. at 5, 10-11; Hr'g Tr. at 11, 19-20) and outweighed by Plaintiff's need for the information (see R. & R. at 10-11) and his status as a third party in name only (see id. at 8, 17; Hr'g Tr. at 11 (noting that Clark was "one iota removed from being a party in this matter")).⁴  See Williams, 3 Cal. 5th at 554.  Her careful balancing is reflected in her limiting of the questions Plaintiff

---

[3] Somewhat incredibly, despite Williams and all the cases that have followed explaining that in circumstances such as those here a party seeking discovery over privacy objections no longer needs to show a "compelling interest" to get the material (see R. & R. at 4-6), Clark argues that "the finding that one's personnel history is a significant privacy interest deserving of the highest level of protection remains intact" — and then cites a pre-Williams case for that proposition.  (Objs. at 13.)

[4] Clark's objections do not challenge the Magistrate Judge's finding that he was not a typical uninterested third party.

3

may ask.  The Magistrate Judge did not clearly err or act contrary to law.[5]

Next, Clark complains that the Magistrate Judge erroneously "relied on evidence about how the complaining employees felt, and ignores the undisputed evidence about their actual complaints." (Objs. at 16 (cleaned up).)  But as the Magistrate Judge repeatedly pointed out, their testimony on this score was ambiguous.  (R. & R. at 8-9.)  Morever, given how the women "felt," it's reasonable to assume that they would have communicated those feelings to Clark even if they sometimes testified that they couldn't remember what they had said to him. Thus, the Magistrate Judge did not clearly err or act contrary to law in concluding that the complaining witnesses' testimony was "open to interpretation" and could support Plaintiff's theory of the case, warranting discovery relevant to it.

Finally, Clark asks that if he is made to answer the four questions and any followup that the Magistrate Judge recommended be allowed, the questions be limited to the period through when, but not after, he was interviewed by Human Resources in late 2018 concerning Plaintiff's complaints and Ebong, not to the period up until Plaintiff was terminated, in January 2019.  But the

---

[5] As Plaintiff points out (Pl.'s Resp. at 5), California federal courts regularly order personnel information produced in discovery over privacy objections without explicitly citing or analyzing Hill.  Indeed, as the Magistrate Judge noted, a California federal court recently compelled discovery almost identical to that sought here from an employee third party similarly situated to Clark, over the same sort of privacy objections.  (See R. & R. at 6 (citing Westmoreland v. Regents of the Univ. of Cal., No. 2:17-cv-01922-TLC-AC, 2019 WL 932220, at *7 (E.D. Cal. Feb. 26, 2019)).)

4

Magistrate Judge explored this issue at the hearing and noted that the two events were relatively close in time — "a matter of months," according to Plaintiff's counsel. (Hr'g Tr. at 30.) And because HR might have made follow-up inquiries to Clark during the short period between his initial HR interview and Plaintiff's firing (see id. at 31), the Magistrate Judge extended the relevant period by a few months, to Plaintiff's termination. She did not clearly err or act contrary to law.

For the foregoing reasons, and having reviewed all portions of the R. & R. to which Clark objected, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that Plaintiff's motion to compel Clark's additional deposition testimony is GRANTED as limited in the R. & R., Clark's motions for sanctions and to strike argument from Plaintiff's reply brief are DENIED, Plaintiff's unopposed motion for leave to submit additional authority is GRANTED, and Plaintiff's request for sanctions is DENIED. Clark must sit for his continued deposition no later than three weeks from the date of this Order, at a time and date mutually agreeable to the parties and Clark.

DATED: November 2, 2021

/s/
_____
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE